UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mary Jane Badrawi,                                              Civil No. 12-128 (DWF/JJG)

          Plaintiff,

v.                                                              **MEMORANDUM
                                                                OPINION AND ORDER**

Wells Fargo Home Mortgage, Inc.
n/k/a Wells Fargo Bank, N.A.,

          Defendants.

_____

Marcus A. Jarvis, Esq., Jarvis & Associates, PC, counsel for Plaintiff.

Charles F. Webber, Esq., and Trista M. Roy, Esq., Faegre Baker Daniels LLP, counsel for Defendants.

_____

## INTRODUCTION

This matter is before the Court on a Motion for Temporary Restraining Order brought by Plaintiff Mary Jane Badrawi.  (Doc. No. 9.)  For the reasons set forth below, the Court denies Plaintiff's motion.

## BACKGROUND

On or about January 3, 2010, Plaintiff and Tony Badrawi took out a home loan and executed a promissory note and mortgage in favor of MidAmerica Mortgage Corporation ("MidAmerica").  (Doc. 1-1, Compl. ¶ 3.)  MidAmerica recorded the mortgage in Hennepin County on February 18, 2003.  (Doc. No. 17, WF 001-008 ("Mortgage").)  MidAmerica assigned the mortgage to Wells Fargo Home Mortgage, Inc.

on January 3, 2003.  (*Id*., WF 009; Compl. ¶ 6, Ex.1.)  The assignment was recorded in Hennepin County on February 18, 2003.  (*Id*.)  Plaintiff and Tony Badrawi fell behind on their loan payments and unsuccessfully attempted to modify their mortgage.  (Compl. ¶ 7; Doc. No. 11, at 2 ¶ 8.)  On May 21, 2010, Wells Fargo recorded a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage.  (Doc. No. 17, WF 10-13.)  On April 18, 2011, Wells Fargo issued a Notice of Mortgage Foreclosure Sale, which was recorded on April 19, 2011.  (*Id*. WF 19; Compl. ¶ 14, Ex. 6.)  The Notice of Foreclosure was published for six consecutive weeks, from April 19, 2011 through May 24, 2011.  (Compl. ¶ 15, Ex. 7.)  On April 21, 2011, Wells Fargo served the Notice of Mortgage Foreclosure Sale on Plaintiff.  (Doc. No. 17, WF 17, 19-20; Compl. ¶ 35.)  The process server handed the notice to Plaintiff's 14-year old daughter.  (Doc. No. 17, WF 17; Compl. ¶ 35.)

   On June 13, 2011, the property was sold to Wells Fargo at a Hennepin County Sheriff's foreclosure sale.  (Doc. No. 17, WF 21-22.)  Plaintiff did not redeem the property.  Instead, Plaintiff filed the present lawsuit.  Wells Fargo has commenced eviction proceedings in Hennepin County Housing Court.

   Plaintiff originally filed this action in state court, alleging six causes of action.  Defendants removed the case to federal court.  (Doc. No. 1.)  Defendants filed a motion to dismiss, which is scheduled to be heard before the undersigned on April 13, 2012.  (Doc. Nos. 3, 4.)  Plaintiff now moves for a temporary restraining order, seeking to enjoin Defendants from proceeding with Plaintiff's eviction.

## DISCUSSION

When considering a motion for a temporary restraining order, the Court normally begins its analysis with a discussion of the four factors set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Here, however, consideration of the *Dataphase* factors is unnecessary because federal law prohibits this Court from granting the injunctive relief Plaintiff requests.

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act imposes "an absolute prohibition" upon federal courts against enjoining state court proceedings, unless the injunction falls within one of three exceptions included in the language of the statute. *Atl. Coast Line R.R. v. Locomotive Eng'rs*, 398 U.S. 281, 286-87 (1970). Courts construe the exceptions to the Anti-Injunction Act narrowly and resolve doubts in favor of letting the state action proceed. *See, e.g.*, *id.*; *Jones v. St. Paul Cos., Inc.*, 495 F.3d 888, 892-93 (8th Cir. 2007).

Plaintiff has not cited, and the Court is unaware of, any Act of Congress that expressly authorizes the Court to stay the pending state court eviction proceedings. Thus, the first exception to the Anti-Injunction Act does not apply. In addition, because this Court has not yet entered a judgment, it cannot be argued that an exception applies in order to "protect or effectuate" a judgment. Therefore, the only arguably applicable exception to the Anti-Injunction Act is if an injunction is necessary "in aid of [this

Court's] jurisdiction."  The Court, however, concludes that this exception is similarly inapplicable.  "'Necessary in aid of' means 'necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'"  *Versacold USA, Inc. v. Inland Am. Brooklyn Park Atlas, L.L.C.*, Civ. Nos. 09-2669, 09-2857, 2009 WL 3617544, at *2 (D. Minn. Oct. 29, 2009) (quoting *Atl. Coast*, 398 U.S. at 295).  Such interference is not an issue in this case.

For the above reasons, the Court denies Plaintiff's motion for a temporary restraining order (Doc. No. 9).

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

Plaintiff's Motion for a Temporary Restraining Order (Doc. No. [9]) is **DENIED**.

Dated:  March 8, 2011                    s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge