# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Mary Jane Badrawi,                                          Civil No. 12-128 (DWF/JJG)

        Plaintiff,

v.                                                          **MEMORANDUM
                                                            OPINION AND ORDER**

Wells Fargo Home Mortgage, Inc.
n/k/a Wells Fargo Bank, N.A.,

        Defendant.

---

Marcus A. Jarvis, Esq., Jarvis & Associates, PC, counsel for Plaintiff.

Charles F. Webber, Esq., and Trista M. Roy, Esq., Faegre Baker Daniels LLP, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendant Wells Fargo Home Mortgage, Inc. n/k/a Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") (Doc. No. 3) and a Motion to Remand brought by Plaintiff Mary Jane Badrawi (Doc. No. 7). For the reasons set forth below, the Court denies Plaintiff's motion and grants Defendant's motion.

## BACKGROUND

On or about January 3, 2003, Plaintiff and Tony Badrawi took out a home loan and executed a promissory note and mortgage in favor of MidAmerica Mortgage Corporation ("MidAmerica"). (Doc. 1, Ex. 1, Compl. ¶ 3.) MidAmerica assigned the

mortgage to Wells Fargo on January 3, 2003. (Doc. No. 17 at WF 9.) MidAmerica recorded both the mortgage and the assignment in Hennepin County on February 18, 2003. (*Id*. at WF 1-9.) Plaintiff and Tony Badrawi fell behind on their loan payments and unsuccessfully attempted to modify their mortgage. (Compl. ¶ 7.) On May 21, 2010, Wells Fargo recorded a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage. (Doc. No. 17 at WF 10-13.) On April 18, 2011, Wells Fargo issued a Notice of Mortgage Foreclosure Sale, which was recorded on April 19, 2011. (*Id*. at WF 19; Compl. ¶ 14, Ex. 6.) The Notice of Mortgage Foreclosure was published for six consecutive weeks, from April 19, 2011 through May 24, 2011. (Compl. ¶ 15, Ex. 7.) On April 21, 2011, Wells Fargo served the Notice of Mortgage Foreclosure Sale on Plaintiff. (Doc. No. 17, WF at 17, 19-20; Compl. ¶ 35.) The process server handed the notice to a 14-year old, who Wells Fargo asserts, and Plaintiff does not dispute, is Plaintiff's daughter. (Doc. No. 17 at WF 17; Compl. ¶ 35.)

On June 13, 2011, the property was sold to Wells Fargo at a Hennepin County Sheriff's foreclosure sale. (Doc. No. 17 at WF 21-22.) Plaintiff did not redeem the property. Instead, Plaintiff filed the present lawsuit. Wells Fargo has commenced eviction proceedings in Hennepin County Housing Court.

Plaintiff originally filed this action in state court, alleging six causes of action: Count One—Defendant Lacks Standing to Foreclose; Count Two—Fraud; Count Three—Improper Service; Count Four—15 U.S.C. § 1641(g)(1) Violation; Count Five—Minn. Stat. § 580.041 Violation; and Count Six—Minn. Stat. § 580.032, subd. 3 Violation. Defendant removed the case to federal court. (Doc. No. 1.) By Order dated

2

March 8, 2012, the Court denied Plaintiff's Motion for a Temporary Restraining Order. (Doc. No. 21.) Defendant now moves to dismiss all of Plaintiff's claims. (Doc. No. 3.) Plaintiff moves to remand to State court. (Doc. No. 7.)

## DISCUSSION

### I. Motion to Remand

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Under this rule, the defendant's period for removal will be no less than thirty days from service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. 28 U.S.C. § 1447(c).

Here, Plaintiff claims that she served Wells Fargo on December 2, 2011, and that Wells Fargo failed to timely remove the action to this Court. However, Wells Fargo has submitted evidence that Plaintiff initially sent copies of the Summons and Complaint to a law firm that did not represent Wells Fargo in this action and was not authorized to accept service on Wells Fargo's behalf. (Doc. No. 23, Roy Decl. ¶ 2, Ex. 1.) When

3

counsel for Wells Fargo did receive a copy of the Summons and Complaint, counsel for Wells Fargo sent an e-mail to Plaintiff's counsel on December 28, 2011, explaining that it did not appear that Wells Fargo had been properly served and offering to accept service as of that date. (Roy Decl. ¶ 3, Ex. 2.) Plaintiff's counsel asked if mail service was acceptable and did not object to treating December 28 as the date of service. (*Id.* ¶ 3, Ex. 2.) The Court concludes that Wells Fargo was legally served on December 28, 2011. Wells Fargo then filed its Notice of Removal on January 17, 2012 (Doc. No. 1), within the 30 day time-frame prescribed by 28 U.S.C. section 1446(b). Thus, Defendant's notice of removal was timely, and Plaintiff's motion to remand is denied.[1]

## II. Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits

---

[1] Plaintiff also argues that the Court should remand this action in its discretion because most of the issues are state-law related and that this action cannot be litigated separately from Wells Fargo's eviction claim in a different forum. The Court finds this argument to lack merit.

attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp.*, 186 F.3d at 1079.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

### A. Count One—Defendant Lacked Standing to Foreclose

Plaintiff alleges that Wells Fargo "lacks standing to foreclose on the real property because the Plaintiff claim [sic] to not have received notice that the note or the mortgage was at minimum assigned to an investor or a group of investors." (Compl. ¶ 26.) Plaintiff asserts that there is a defect in the chain of title because the Notice of Foreclosure Sale document indicates that Wells Fargo is the lender and there is no evidence of any assignment to an investor or an investor group. (*Id.* ¶¶ 27-29.) In her opposition brief, Plaintiff argues that if Wells Fargo did not record all of the assignments, it may not have standing to foreclose.

Count One of Plaintiff's Complaint fails for two primary reasons. First, that "Defendant Lacked Standing to Foreclose" is not a recognized cause of action in the state of Minnesota. *See, e.g.*, *Murphy v. Aurora Loan Servs., LLC*, Civ. No. 11-2750, 2012 WL 104543, at *3 (D. Minn. Jan. 12, 2012). Second, the public record demonstrates that Wells Fargo's foreclosure on the mortgage was valid under Minnesota Statute section 580.02.

Minnesota Statute section 580.02 sets forth four requirements for a foreclosure: (1) a default on the mortgage; (2) no ongoing judicial proceeding to recover the debt secured by the mortgage; (3) the mortgage (and all assignments thereof) have been recorded; and (4) "before the notice of pendency as required under section 580.032 is recorded, the party has complied with section 580.021." Minn. Stat. § 580.02.

The statute requires that the mortgage be recorded. Minn. Stat. § 580.02(3). Therefore, to the extent that Plaintiff alleges lack of standing for failure to record an assignment of the note, the claim fails. *See Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 496 (Minn. 2009) ("[W]e have concluded that promissory note assignments do not have to be recorded under the plain language of the foreclosure by advertisement statutes."). Moreover, the public records demonstrate that the mortgage was recorded and that Wells Fargo held the mortgage at the time of the foreclosure: MidAmerica recorded the mortgage and the assignment of the mortgage to Wells Fargo on February 18, 2003. (Doc. No. 17 at WF 1-9). Further, there is no dispute that Plaintiff defaulted on the mortgage and that Plaintiff received notice of the foreclosure. (Compl. ¶¶ 17, 19.) Plaintiff has failed to allege any facts that would establish that the mortgage

foreclosure was unlawfully conducted, and Count One fails to state a plausible claim upon which relief can be granted.

      **B.**     **Count Two—Fraud**

In Count Two, Plaintiff alleges that "it appears that the foreclosure action is defective" because "it does not appear that Wells Fargo had assigned the note and/or the mortgage and there is no public record of that transfer and/or assignment," and no one knows the real owner of the real property and "[i]f the proper identity of the Note holder is unknown, a 'fraud upon the court' may have been committed." (Compl. ¶¶ 31-33.) This claim also fails. First, as discussed above, the public record demonstrates that the mortgage foreclosure was lawfully conducted under Minnesota Statute section 580.02. Second, Plaintiff's factual allegations fail to state a claim for fraud because they lack the particularity required under Rule 9(b). Therefore, Plaintiff's fraud claim is properly dismissed.

      **C.**     **Count Three—Improper Service**

Plaintiff challenges the sufficiency of the service of the foreclosure documents because they were left with her 14-year-old daughter. (Compl. ¶ 35.) Notice of foreclosure "shall be served in like manner as a summons in a civil action." Minn. Stat. § 580.03. Service of process is proper under Minnesota rules if the relevant papers are served "[u]pon an individual by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a). Wells Fargo has provided case law indicating that substitute service of process can be sufficiently made

7

by leaving pleadings with a 14-year-old. *See O'Sell v. Peterson*, 595 N.W.2d 870, 873-74 (Minn. App. 1999) (concluding that leaving summons and complaint with defendant's 14-year-old stepson who was staying at defendant's home during a regular and planned non-custodial visitation was sufficient; holding that stepson was "then residing therein" for purposes of service of process). Here, Plaintiff alleges no facts that would suggest that Plaintiff's 14-year-old daughter was not of "suitable age and discretion then residing therein." The Court therefore concludes that Count Three is properly dismissed.

### D. Count Four—15 U.S.C. § 1641(g)(1)

Plaintiff alleges a violation of 15 U.S.C. section 1641(g)(1), which requires that the assignee of a mortgage loan make certain disclosures to the borrower, including the identity of the new creditor, the date of the transfer, and how to reach an agent acting on behalf of the new creditor. 15 U.S.C. § 1641(g)(1). Plaintiff's loan was assigned to Wells Fargo in 2003. The relevant subsection of section 1641 was enacted in 2009. *See* Pub. L. 111-22, Title IV, § 404(a) (May 20, 2009), 123 Stat. 1658. Thus, the statute did not apply at the time of assignment, and this claim is properly dismissed.

### E. Count Five—Minnesota Statute § 580.041

In Count Five, Plaintiff alleges that Wells Fargo violated Minnesota Statute section 580.041 by failing to list the "investor or group of investors" to whom her mortgage was assigned in the legal publication of her notice of foreclosure. (Compl. ¶¶ 42, 43.) Minnesota Statute section 580.041, however, relates to the form and delivery of a "foreclosure advice notice" and notice of redemption rights. *See* Minn. Stat.

§ 580.041. This statute does not pertain to Plaintiff's claim. Accordingly, Plaintiff has failed to plead a claim under this provision, and the Court dismisses Count Five.

### F. Count Six—Minn. Stat. § 580.032, subd. 3.

In Count Six, Plaintiff alleges that Wells Fargo's foreclosure was invalid because Wells Fargo violated Minnesota Statute section 580.032, subdivision 3, by recording the notice of pendency of the foreclosure on the same day as the first publication of foreclosure notice. (Compl. ¶¶ 44-47, Exs. 6 & 7.)

As discussed above, Minnesota Statute section 580.02 sets forth the requirements for a foreclosure by advertisement, including the requirement that the foreclosing party comply with Minnesota Statute section 580.021 before the notice of pendency is recorded under section 580.032. Minn. Stat. § 580.02(4). Section 580.021 requires that the foreclosing party provide certain information regarding the opportunity for foreclosure-prevention counseling services. Minn. Stat. § 580.021. Plaintiff has not alleged that Wells Fargo failed to provide this information prior to recording the notice of pendency. Instead, Plaintiff alleges that Wells Fargo violated section 580.032, subdivision 3, by recording the notice of pendency of foreclosure on the same day as the publication of foreclosure notice. Minnesota Statute section 580.032 provides:

> A person foreclosing a mortgage by advertisement shall record a notice of the pendency of the foreclosure with the county recorder or registrar of titles in the county in which the property is located before the first date of publication of the foreclosure notice but not more than six months before the first date of publication.

Minn. Stat. § 580.032, subd. 3.

9

The Court concludes that Plaintiff has not alleged a viable claim under this provision. Section 580.032 protects "[a] person having a redeemable interest in real property" by enabling that person to "record a request for notice of a mortgage foreclosure by advertisement with the county recorder or registrar of titles." Minn. Stat. § 580.032, subd. 1. Section 580.032, subdivision 4, in turn, requires a foreclosing party to send notices of the sale to all people who requested notice under subdivision 1 at least fourteen days before the date of sale. Minn. Stat. § 580.032, subdivision 4. Plaintiff has not filed a request for notice under section 580.032, subdivision 1. Instead, as the mortgagor and occupant of the relevant property, Plaintiff received direct notice of the foreclosure. *See* Minn. Stat. § 580.03. The provisions of section 580.032, therefore, do not apply to Plaintiff, and Count Six is properly dismissed.[2]

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

1. Plaintiff's Motion to Remand (Doc. No. [7]) is **DENIED**.

2. Defendant's Motion to Dismiss (Doc. No. [3]) is **GRANTED**.

---

[2] The Court is aware that the Minnesota Court of Appeals recently issued an unpublished opinion in *Ruiz v. 1st Fidelity Loan Servicing, LLC*, No. A11-1081, 2012 WL 762313 (Minn. Ct. App. Mar. 12, 2012), wherein a panel of the court of appeals voided a foreclosure by advertisement because the notice of pendency of foreclosure was recorded on the same day as the first date of publication of the foreclosure notice. 2012 WL 762313, at *4-5. This case is not binding or precedential and the Court is not persuaded to follow the holding of the case. The publication and recording requirements of section 580.032 do not exist to protect Plaintiff's interests, and Plaintiff cannot void a foreclosure based on the non-compliance of that statute. *See, e.g.*, *Holmes v. Crummett*, 13 N.W. 924 (Minn. 1882).

3.       Plaintiff's Complaint (Doc. No. [1, Ex. 1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 14, 2012                         s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge